OPERATING ENGINEERS' LOCAL
324 FRINGE BENEFIT FUNDS,
et al., Plaintiffs,

v.

NICOLAS EQUIPMENT, L.L.C. and
Richard Schofield, Defendants.

No. 03–74389.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 1, 2004.

Jeffrey M. Lesser, Livonia, MI, for Plaintiffs.

Richard Schofield, Fraser, MI, pro se.

## ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT RICHARD SCHOFIELD [11]

EDMUNDS, District Judge.

This matter comes before the Court on Plaintiffs' motion for partial summary judgment against Defendant Richard Schofield. Being fully advised in the premises, having read the pleadings, and for the reasons set forth below, the Court GRANTS Plaintiffs' motion for partial summary judgment.

## I. Facts

Plaintiffs are jointly-administered trust funds established pursuant to Section 302 of the Labor–Management Relations Act of 1947, as amended, 29 U.S.C. § 186 ("LMRA"). The Funds consists of health care, pension, retiree benefit, vacation and holiday, supplemental vacation fund, joint apprenticeship training and journeyman retraining, and industry advancement funds, labor-management education committee and defined contribution plan ("Funds"). The Funds are multi-employer employee benefit plans within the meaning of Section Three of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1002 ("ERISA").

Plaintiffs filed a complaint in October 2003, alleging that Defendants Nicolas Equipment L.L.C. and Richard Schofield acted in concert to breach Defendant Nicolas Equipment's contractual obligations to pay contributions to the Funds and to divert money paid to Defendants to be held in trust for the Funds. (Compl.¶¶ 4–6.) Plaintiffs further allege the following. Defendant Nicolas Equipment entered into a collective bargaining agreement with International Union of Operating Engineers, Local Union No 324, and agreed to make periodic payments to the Funds, to pay liquidated damages for unpaid contributions, and to pay attorneys fees and costs for litigation to enforce its obligations to the Funds. (*Id.* at ¶¶ 11–14.) Defendants owe fringe benefit contributions arising from work performed from May through December 2002 in the amount of $12,047.69 plus $3,076.66 in liquidated damages for unpaid and untimely contributions. (*Id.* at ¶ 16.) Defendants owe additional fringe benefit contributions to the Funds for work performed in September 2003 and may owe additional contributions and liquidated damages arising from work performed from January 2003 onward. (*Id.* at ¶ 17.) Defendants have engaged in a pattern of fraud to avoid paying required fringe benefit contributions to the Funds, have violated Section 502 of ERISA, 29 U.S.C. § 1132, and the Michigan Builders Trust Fund Act, Mich. Comp. Laws §§ 570.151–53. (*Id.* at ¶¶ 22–27.)

As to Defendant Richard Schofield, Plaintiffs allege that he operates Defendant Nicolas Equipment as an alter ego of himself for his own benefit, that he breached fiduciary duties he owed to the Funds, and that special circumstances exist to hold him responsible for Defendant Nicolas Equipment's obligation to make all unpaid fringe benefit contributions to the Funds as required under ERISA and the Michigan Builders Trust Fund Act. (*Id.* at ¶¶ 25–27).

This matter is now before the Court on Plaintiffs' motion for partial summary judgment, arguing that they are entitled to Judgment in the amount of $15,124.35, plus interest, attorney fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2). Specifically, Plaintiffs argue that, because Defendant Richard Schofield failed to respond to Requests to Admit served on him in May 2005, under Fed.R.Civ.P. 36, he is deemed to have made admissions that show Plaintiffs are entitled to summary judgment on the $15,124.35 in unpaid fringe benefit contributions and liquidated damages they allege are owed for the time period of May through December 2002.

## II.   Standard for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir.2002).

## III.   Analysis

Plaintiffs argue that, in light of Defendant Richard Schofield's deemed admissions to requests to admit, he falls within ERISA's definition of a fiduciary and can be held personally liable under ERISA for breaching his fiduciary duties by failing to act solely in the interest of ERISA Plan beneficiaries or participants. Specifically, Plaintiffs argue that: (1) fringe benefit contributions become ERISA plan assets at the moment they become due, (2) Defendant Schofield exercised discretionary authority and control over fringe benefits owed to the Funds and improperly diverted owed fringe benefit contributions to finance his business, Defendant Nicolas Equipment, L.L.C., and (3) because he misappropriated ERISA plan assets, Defendant Schofield is personally liable for their repayment. Defendant Schofield failed to respond to Plaintiffs' motion and failed to appear at the October 13, 2004 hearing on this motion.

By virtue of Fed.R.Civ.P. 36, Defendant Richard Schofield's failure to respond to Plaintiffs' requests to admit, results in the following deemed admissions:

1.   Defendants owe Plaintiffs $12,047.69 in fringe benefit contributions arising

from work performed from May through December 2002, and $3,076.66 in liquidated damages arising from unpaid and untimely-paid contributions.

2. During the period of time from May through December 2002, Richard Schofield *exercised authority or control over money received by* Nicolas Equipment, L.L.C. ("Nicolas Equipment").

3. During the period of time from May through December 2002, Richard Schofield *made decisions on behalf of Nicolas Equipment to use money received by Nicolas Equipment for purposes other than paying required fringe benefit contributions to Plaintiffs.*

4. Richard Schofield *maintains personal liability for money owing by Nicolas Equipment to Plaintiffs.*

(Pls.' 5/27/04 First Request for Admissions to Richard Schofield (1–4) (emphasis added).)

Defendant Schofield's deemed admissions are sufficient to establish that, as a matter of law, he is personally liable for the $12,047.69 owed to Plaintiffs for fringe benefit contributions arising from work performed from May through December 2002, and $3,076.66 in liquidated damages arising from unpaid and untimely paid contributions for that same time period.

■ First, "[a] company's contributions to benefit funds, such as in this case, constitute plan assets under 29 U.S.C. § 1002(21)(A) as they become due." *Southern Electrical Health Fund v. Kelley,* 308 F.Supp.2d 847, 867 n. 10 (M.D.Tenn.2003) (citing 29 C.F.R. § 2510.3–102; *Hanley v. Giordanos Restaurant, Inc.,* 1995 WL 442143, *4 (S.D.N.Y. July 26, 1995); *Connors v. Paybra Mining Co.,* 807 F.Supp. 1242 (S.D.W.Va.1992); *Galgay v. Gangloff,* 677 F.Supp. 295 (M.D.Pa.1987), *aff'd* 932 F.2d

959 (3d Cir.1991)). Moreover, under ERISA, 29 U.S.C. § 1002(21)(A), a person is defined as a plan fiduciary "to the extent" that person "exercises any discretionary authority or discretionary control respecting management or disposition of its assets . . . ."

■ The above admissions show that the unpaid fringe benefit contributions for the time period of May through December 2002 are plan assets. More importantly, they show that Defendant Richard Schofield personally exercised discretionary control over funds designated for deposit into the subject ERISA Funds. Accordingly, he is properly defined as a plan fiduciary. *See Best v. Cyrus,* 310 F.3d 932, 935 (6th Cir.2002). *See also PMTA–ILA Containerization Fund v. Rose,* No. 94–5635, 1995 WL 461269, *5 (E.D.Pa. Aug.2, 1995) (observing that "Courts have consistently held that employers who exercise discretionary control over funds that are designated for deposit into an ERISA fund qualify as fiduciaries."); *NYSA–ILA Medical & Clinical Servs. Fund v. Catucci,* 60 F.Supp.2d 194, 202–03 (S.D.N.Y.1999) (same).

■ The deemed admissions further establish that Defendant Schofield breached his fiduciary duties by directing that money owed to the Funds for the time period of May through December 2002 be used to pay Nicolas Equipment's other creditors rather than being deposited with the ERISA Funds. "ERISA requires a fiduciary to 'discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries.'" *Best,* 310 F.3d at 935 (quoting 29 U.S.C. § 1104(a)(1)). Defendant Schofield failed to satisfy this obligation.

■ Finally, Defendant Schofield's deemed admissions establish that he can be held personally liable for the unpaid

fringe benefits for the period of May through December 2002 because, instead of depositing the owed fringe benefit payments with the Funds, he used that money for other purposes. *See LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2nd Cir.1997) (holding that president of closely-held corporation was an ERISA fiduciary personally liable for a breach of fiduciary duty for using money owed under certain ERISA Funds to pay the defendant corporation's other creditors). "Under 29 U.S.C. § 1109(a), any person who is a fiduciary and breaches a fiduciary duty 'shall be personally liable to make good to such plan any losses to the plan resulting from such breach.'" *Southern Electrical Health Fund*, 308 F.Supp.2d at 868.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for a partial summary judgment against Defendant Richard Schofield is GRANTED. Plaintiffs are entitled to summary judgment against Defendant Schofield personally on the $15,124.35 in unpaid fringe benefit contributions and liquidated damages owed for the time period of May through December 2002.